JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10399 PA (CWx) | Date | December 12, 2012 |
|---|---|---|---|
| Title | U.S. Bank, N.A. v. Lorenzo Avila, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendants Lorenzo Avila and Veronica Gomez ("Defendants") on December 5, 2012. [Docket No. 1.] Plaintiff U.S. Bank, N.A.'s ("Plaintiff") Complaint, filed in Los Angeles County Superior Court, asserts a single cause of action for unlawful detainer. Defendants assert that this Court has subject matter jurisdiction on the basis of diversity jurisdiction, 28 U.S.C § 1332, and federal question jurisdiction, 28 U.S.C. § 1331.

When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (internal quotation marks omitted)). Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Moreover, removal is proper only in "state-court actions that originally could have been filed in federal court . . . ." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

**I.    Diversity Jurisdiction**

First, Defendants contend removal is proper on the basis of diversity jurisdiction because complete diversity exists between the parties, and the amount in controversy exceeds $75,000. Defendant has not met his burden, however, of demonstrating that the amount in controversy exceeds $75,000. "[W]hen a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that [the] jurisdictional amount is met.'" Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007) (quoting Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1000 (9th Cir. 2007)).

Although Defendants allege that the amount in controversy exceeds $75,000, the caption of the Complaint clearly states that the amount demanded is less than $10,000. In unlawful detainer actions,

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10399 PA (CWx) | Date | December 12, 2012 |
|---|---|---|---|
| Title | U.S. Bank, N.A. v. Lorenzo Avila, et al. | | |

the title to the property is not involved – only the right to possession is implicated. Evans v. Superior Court, 67 Cal. App. 3d 162, 170 (1977). Thus, the amount in controversy is not the value of the subject real property, but the reasonable rental value per day of the property, up to a total of $10,000.00. Id.; see also, e.g., US Bank N.A. v. Medina, 2012 U.S. Dist. LEXIS 43054, at *4-5 (C.D. Cal. Mar. 27, 2012). Thus, it is clear that the amount in controversy requirement is not met.

**II.     Federal Question Jurisdiction**

Defendants next argue that "a federal question not relating to his defense in a state unlawful detainer action, . . . surrounding the construction of the Pooling and Servicing Agreement" is present in this action. (Notice of Remal at 3.) Defendants also argue that federal constitutional issues are present in this action regarding whether Plaintiff lawfully foreclosed on Defendants' property.

As noted, unlawful detainer proceedings do not purport to adjudicate title to the property at issue – only the right to possession is implicated. Thus, no construction of the "Pooling and Servicing Agreement" – which Defendants neither cite to nor attach to the Notice of Removal – is necessary. Moreover, whatever federal questions *Defendants* might raise in defense to the unlawful detainer action are insufficient to confer removal jurisdiction over it. See, e.g., U.S. Bank, N.A. v. Barcenas, 2012 U.S. Dist. LEXIS 173586, at *1 (C.D. Cal. Dec. 5, 2012) ("Because this is an unlawful detainer detainer action, a federal question does not present itself."); Aurora Loan Servs. v. Orozco, 2012 U.S. Dist. LEXIS 172200, at *3-4 (C.D. Cal. Dec. 3, 2012) (explaining that unlawful detainer actions are purely matters of state law and that "any federal defense Defendant raises is irrelevant with regard to jurisdiction"). Thus, the Court lacks federal question jurisdiction over this action.

## Conclusion

In light of the foregoing, the Court lacks subject matter jurisdiction over this action. Accordingly, this action is hereby remanded to the Ventura County Superior Court, Case No. 56-2012-00413075-CL-UD-VTA. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.